On May 19, 1879, the Supreme Court affirmed the decision of the court below in the following opinion:
Per Curiam.
The legacy of Susanna, the testator’s daughter, was in the first .instance absolute, but by the subsequent clause the testator *267 showed very evidently his intention that in no case should her husband derive any benefit from it. He provides, thereiore, that it she should die before her husband, and leaving no children back, the legacy should fall back to his son's (Samuel's) children. If she survived him, she could dispose of it as she pleased, or it would go to her children. Without the provision under the Act of 1848, if he survived her, he would come in equally with the children. It was perfectly lawful to make such a provision. It changed, thereupon, the absolute character of the bequest, and subjected it to a contingency. The opinion of the Court upon the construction of the will was entirely correct, and the order made was in conformity to the provisions of the Acts of 1834 and 1871, requiring that legacies granted to a person for life or upon a contingency shall Dot be paid by the Executor until proper security is given.
Decree affirmed, and appeal dismissed at the cost of the • appellant.